# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 15-67 |
| | ) | |
| CHRISTOPHER DEWAYNE HAYES, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

On August 3, 2015, the United States Probation Office filed a Final Presentence Investigation Report, stating that Christopher Dewayne Hayes ("Defendant") failed to register as a Tier III offender pursuant to 42 U.S.C. § 16911(4)(A)(ii) when he relocated from Georgia to the Western District of Pennsylvania in or around June of 2014. (Doc. 31). Under the United States Sentencing Guidelines, failure to register as a Tier III offender establishes a base offense level of 16. USSG § 2A3.5(a)(1). On August 13, 2015, Defendant filed a Position with Respect to Sentencing Factors, arguing that pursuant to the categorical approach, Defendant was required to register only as a Tier I offender, not a Tier III offender. (Doc. 36). Failure to register as a Tier I offender establishes a base offense level of 12. USSG § 2A3.5(a)(3). On September 18, 2015, the Government filed a Response to Defendant's submission, arguing for the application of the modified categorical approach. (Doc. 43). The Government position is that, once modified, the categorical approach establishes that Defendant's conviction under the relevant subsection of Georgia's child molestation statute renders Defendant a Tier III offender. (Doc. 43). After an Order of the Court, both parties filed supplemental briefing on October 13, 2015. (Doc. 48, 49).

On April 24, 1990, Defendant was convicted of violating Ga. Code Ann. § 16-6-4 (1989), which read:

A person commits the offense of child molestation when he does any immoral or indecent act to or in the present of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

The Court assumes *arguendo* that the instant statute is divisible, as posited by the Government.[1] As such, it charges three separate sub-offenses: 1) committing any immoral or indecent act "to" a child under the age of 14; 2) committing any immoral or indecent act "with" a child under the age of 14; and 3) committing any immoral or indecent act "in the presence of" a child under the age of 14. After considering <u>Shepard</u> documents – specifically, Defendant's indictment (Doc. 44) – the Court finds that Defendant was charged with committing any immoral or indecent act both "to" and "in the presence of" a child. <u>See</u> <u>Shepard v. United States</u>, 544 U.S. 13 (2005).

Counsel for the Government states that Defendant pleaded guilty to sexually assaulting a child under the age of 14, which would render him guilty of committing immoral or indecent acts "to" said child. (Doc. 43). While counsel for the Government references the wording of Defendant's guilty plea, she failed to submit qualifying <u>Shepard</u> documents for the Court to consider when determining under which subsection of the Georgia statute Defendant was convicted. Without more documentation, the Court is unable to find that Defendant was actually convicted of committing any immoral or indecent act "to" a child under the age of 14, as he was also charged with committing any immoral or indecent act "in the presence of" a child under the age of 14. For the purposes of this analysis, the Court assumes that the Government submitted proper documentation of Defendant's plea, thereby establishing that he was convicted of committing any immoral or indecent act "to" a child.

---

[1] The Government concedes that a commission of any immoral or indecent act "in the presence of" a child under 14 years is broader than the federal definition of "abusive sexual contact." (Doc. 49 at 3). Thus, in the event that the Georgia statute is not divisible, the Court finds that it is broader than the federal definition of "abusive sexual contact," and Defendant qualifies as a Tier I offender pursuant to the authority set forth herein.

In relevant part, a Tier III offender is sex offender whose offense is punishable by imprisonment for more than 1 year and is comparable to or more severe than "abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years." 42 U.S.C. § 16911(4)(A)(ii). Title 18 Unites States Code Section 2244 defines "sexual contact" by reference to 18 U.S.C. § 2246: "the term 'sexual contact' means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." Pursuant to the modified categorical approach, if the relevant portion of the Georgia statute "sweeps more broadly" than the federal generic crime – here "abusive sexual contact" – then Defendant does not qualify as a Tier III offender. Descamps v. United States, 133 S.Ct. 2276, 2283 (2013) (citing Taylor v. United States, 495 U.S. 575, 599 (1990)).

The relevant sub-section of Georgia's child molestation statute is broader than the generic federal offense of "abusive sexual contact." Georgia case law establishes that a defendant is guilty of committing any immoral or indecent act *to* a minor child when, for example, he asks said child to spread her legs and tells her she has a "fine body." Hicks v. State, 563 S.E.2d 897, 898-99 (Ga. Ct. App. 2002) (citing Bowman v. State, 490 S.E.2d 163 (Ga. Ct. App. 1997 (holding that the "act" required by the statute may be merely verbal)). The least culpable conduct necessary to sustain a conviction for the commission of any immoral or indecent act "to" any child under the age of 14 simply does not require the intentional touching contemplated in 18 U.S.C. § 2246.[2] See Ga. Stat. Ann. § 16-6-4. Thus, Defendant is not a Tier III offender.

---

[2] The Court notes the Government's argument that Defendant's actual conduct involved the intentional touching of a girl under the age of 14. Even under the modified categorical approach, however, the Court may consider such facts only for a proscribed, narrow purpose. Such

While the parties do not discuss it, the Court notes that neither is Defendant a Tier II offender, as that status likewise requires a conviction for an offense comparable to or more severe than the same "abusive sexual conduct," contemplated in the Tier III definition.  42 U.S.C. § 16911(3)(A)(iv).  "The term 'tier I sex offender' means a sex offender other than a tier II or tier III sex offender."  Id. at § 16911(2).  As such, the Court finds that Defendant is a Tier I offender, with a base offense level of 12.  USSG § 2A3.5(a)(3).

IT IS SO ORDERED.

October 15, 2015                                    s\Cathy Bissoon_____
                                                   Cathy Bissoon
                                                   United States District Judge

---

consideration of the facts is "not to determine 'what the defendant and state judge must have understood as the factual basis of the prior plea,' but only to assess whether the plea was to the *version* of the [state crime] corresponding to the generic offense."  Descamps, 133 S.Ct. at 2284 (quoting Shepard, 544 U.S. 13).  Ultimately, even the modified categorical approach is a doctrine of statutory, not factual, analysis.